SAUNE
*vs.*
TOURNE
AND BECKWITH.

SAÚNE *vs.* TOURNE & BECKWITH.

ON AN APPLICATION FOR A RE-HEARING.

Where a schooner is floating down stream, and unable to use her sails, and a steam boat is running up under full steam, it is incumbent on the latter to show that she made use of the proper means of precaution to avoid a collision, or she will be liable for the damage done by running down the schooner.

Steam-boats meeting vessels in the river, propelled by wind, should observe different rules of precaution than in relation to other steam-boats. In such cases, the obvious means to avoid collision, is an alteration in the course or direction of the steamer.

*J. Seghers*, for the defendant, applied for a re-hearing in this case.

The opinion pronounced in this case seems to rest exclusively on the rule, that in mere questions of fact the court below is the best judge of the evidence. The appellant has the right however to have the evidence considered and collated by this court, without regard to the opinion of the judge in the first instance. This rule however is not without exceptions. The reason why the inferior judge is deemed better prepared to decide on the evidence, ceases when in cases like this he has not seen the witnesses. In this case, the testimony is all taken on commission, and out of the presence of the judge, except a small part of it.

2. The whole of this testimony goes to show that the fault did not lie with the master of the steam-boat. This is clearly shown by the testimony of the defendants, and especially that of two witnesses who were examined in the District Court, in suits there, by the owners of the cargo against the defendants. This testimony consisted of the captain and mate of a vessel the steam-boat had in tow at the time, and is now in evidence in this case.

EASTERN DIST.
May, 1836.

SAUNE
vs.
TOURNE
AND BECKWITH.

3. This court will certainly not be prepared to say the district judge erred in deciding differently in the suit by the owners of the cargo against the present defendants, than the parish judge in this case. The district judge heard the witnesses and decided in favor of the defendants. The same evidence is in both cases. The other case will come before this court also, and under the same circumstances. This court must then either violate the rule or apply it in contradiction to their present judgment, that the judge who hears the evidence is the best judge of the facts. It would be somewhat singular to decide one way for the vessel, and another for the cargo. A re-hearing is respectfully prayed for.

*Bullard, J.*, delivered the opinion of the court.

In this case a re-hearing was allowed, and we have deliberately examined the testimony again, and considered the arguments offered, and proceed to state our reasons for adhering to the judgment first pronounced.

The question presented by the case is, whether the officers of the steam-boat Abeona took the proper measures of precaution to avoid the collision. We are satisfied from the evidence that the schooner was not at the time propelled by the wind, and had not the use of her sails, but was floating sideways down stream, making efforts by means of sweeps, and a small skiff ahead, to make the port of New-Orleans. It was, therefore, manifestly impossible for her to change her course so as to avoid a steam-boat approaching her path under a head of steam. We repeat, therefore, that it is incumbent on the defendants to show that the steam-boat did make use of proper means of precaution to avoid running upon the schooner.

The most obvious means to avoid collision is clearly an alteration of the course or direction of the vessel. In this case it is not pretended that the steam-boat changed her course, so as to pass on either side of the schooner, although the schooner was seen at the distance of a mile ahead. The chief pilot left the helm just before the two vessels met. At

*Where a schooner is floating down stream, and unable to use her sails, and a steam-boat is running up under full steam, it is incumbent on the latter, to show that she made use of the proper means of precaution, to avoid a collision, or she will be liable for the damage done by running down the schooner.*

*Steam-boats meeting vessels in the river propelled by wind, should observe different rules of precaution, than in relation to other steam-boats. In such cases, the obvious means to avoid collision, is an alteration in the course or direction of the steamer.*

EASTERN DIST. what moment the wheels of the steam-boat were stopped is
*May,* 1836. left uncertain, but we are satisfied from the violence of the

shock, and the extent of the damage done, that she must still
have been under head way.

The foggy weather called for additional vigilance on the
part of the steam-boat, which had left port in such kind of
weather.    The right of steam-boats ascending the river to
keep along the left bank, according to a pretended usage,
can only apply in relation to vessels of the same kind, des-
cending.    It would be no excuse for a steam-boat to run
down a vessel propelled by wind, that the latter was too
near shore, and in the usual track of steam-boats ascending.
*Story on bailments*, 386.    Believing as we do from the whole
evidence in the case, that with proper vigilance and precau-
tion, on the part of the officers of the Abeona, the collision
might have been avoided, and that no fault can be attri-
buted to the captain of the schooner, it is ordered that the
judgment first pronounced remain unchanged.